## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MAURICE ANTONIO COBB,　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Petitioner,　　　　:
　　　　　　　　　　　　　　　　:　　CASE NO. 5:13-CV-0028-MTT-MSH
　　　　　VS.　　　　　　　　　:　　　　28 U.S.C. § 2254
　　　　　　　　　　　　　　　　:
WILLIAM N. HOWELL, *et al.*　　:
　　　　　　　　　　　　　　　　:
　　　　　　Respondents.　　　　:
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondents' motion to dismiss Petitioner's application for writ of habeas corpus for lack of exhaustion (ECF No. 7).  For the reasons explained below, it is recommended that Respondents' motion be granted.

## BACKGROUND

Petitioner pled guilty to armed robbery in the Superior Court of Bibb County. (Pet. for Writ of Habeas Corpus 1, ECF No. 1.)  He was sentenced to fifteen years, serve twelve, on July 11, 2012.  (*Id.*)  Petitioner did not appeal his conviction to the Court of Appeals or Supreme Court of Georgia.  (*Id.* at 2.)  On July 30, 2012, Petitioner then filed in the Superior Court of Bibb County a motion to withdraw his guilty plea based on ineffective assistance of his counsel.  (*Id.* at 3-5.)  Petitioner states that he has not received a ruling on his motion to withdraw his guilty plea and does not claim to have filed any other motion for collateral relief in the state courts.  (*Id.* at 3-5.)

## DISCUSSION

### I.    Motion to Dismiss

Respondents contend that Petitioner's application for habeas relief should be dismissed because he has failed to exhaust his available state remedies.  (Br. in Supp. of Mot. to Dismiss 1-2, ECF No. 7-1.)  Specifically, Respondents claim that Petitioner has failed to present any of his contended grounds for habeas relief to any state court.  (*Id.* at 2.)  Petitioner responds by saying that he would like to exhaust his claims in this court and restates his grounds for relief.  (Pet'r's Resp. 1, ECF No. 11.)  Petitioner does not directly respond to Respondents' argument regarding lack of exhaustion.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issue which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  Accordingly, 28 U.S.C. § 2254(b)(1)(A) prohibits a court from granting an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  *See also Trevino v. Thaler*, -- U.S. --, 133 S. Ct. 1911, 1922 (2013) ("[A] state prisoner [who] fails to exhaust state remedies . . . [or] has failed to meet the State's procedural requirements for presenting his federal claims will not be entitled to federal habeas relief unless he can show 'cause' to excuse his default.") (internal quotation marks and citation omitted) (alterations in original); *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies[.]").  "A petitioner cannot satisfy the exhaustion requirement if, with certain exceptions that are not applicable in this case, he has failed to avail himself of any available procedure by

which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (internal quotation marks and citation omitted). "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." *Id.* (citations omitted).

It is undisputed that the grounds asserted by Petitioner in his federal habeas petition have not been ruled upon by any state court. Petitioner has filed a motion to withdraw his guilty plea claiming ineffectiveness of counsel, but he has not received a ruling on that motion. Consequently, Petitioner has not exhausted his available state remedies as required prior to this Court considering his federal application for habeas relief. It is recommended that Respondents' motion to dismiss be granted and Petitioner's application for a writ of habeas corpus be dismissed to allow Petitioner to exhaust his state remedies.

## II.     Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

WHEREFORE it is recommended that Petitioner's application for a writ of habeas corpus be DISMISSED without prejudice.   Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 25th day of September, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE